McLaren *vs.* McCarty.

PETER McLAREN, plaintiff in error, *vs.* JOHN McCARTY, executor, defendant in error.

1. Under the decision of this court in the case of *Akin vs. Freeman*, the dormant judgment act was suspended from November 30th, 1860, until the 21st of July, 1868.
2. A judgment not dormant under the law, at the date of the passage of the limitation act of 1869, is not affected by that act, and the plaintiff has three years after his judgment has become dormant, to sue out a *scire facias* to revive it.

Judgments. *Scire facias.* Statute of limitations. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

On January 10th, 1856, Hugh Dolan obtained a judgment against Peter McLaren, as garnishee, in a suit in which the Rock Island Factory was defendant, for $127 50, principal, $7 65 interest, and costs of suit. Execution issued on January 6th, 1857. Upon this paper were the following entries:

"Received, June 11th, of Hugh Dolan $11 12, which included $1 89, my fee for return, clerk's, sheriff's cost on this *fi fa.* (Signed)          WILLIAM H. LAMAR."

"Copied from the *fi fa.* of same plaintiff *vs* Rock Island Factory. (Signed)          A. RUTHERFORD, Clerk."

"Received, January 7th, 1857, of plaintiff, per Denton, attorney, $4 50, balance clerk's and sheriff's costs on this *fi fa.* (Signed)          "A. RUTHERFORD, Clerk."

On July 31st, 1873, John McCarty, as executor of Hugh Dolan, deceased, commenced proceedings to revive said judgment, returnable to the next November term of the court. To this proceeding the defendant pleaded the statute of limitations. The court charged the jury, in substance, that if they believed the facts as set forth in the judgment and execution introduced in evidence by the plaintiff, then his right of action was not barred by lapse of time. Also, that the plaintiff was entitled to three years in which to bring his ac-

tion from the time that his judgment became dormant by lapse of seven years.

The jury found for the plaintiff. The defendant excepted to said charge and now assigns error thereon.

INGRAM & CRAWFORD, for plaintiff in error.

L. T. DOWNING, for defendant.

McCAY, Judge.

1. Though I did not agree to the decision of this court in *Akin vs. Freeman*, 49 *Georgia*, 51, still it is the law of this court, and the *fi. fa.* or judgment in this case, was not dormant more than three years before *scire facias* was sued out.

2. Assuming that the dormant judgment act was suspended on 18th December, 1860, the whole time from the 18th of December, 1860, is not to be counted. At the date of the passage of the act of 1869 the judgment was not dormant, and the act, in its terms, only applies to judgments *then dormant*. It is clear, therefore, that under the holding in *Akin vs. Freeman*, as the act of 1869 does not apply to it, the judgment was not dormant over three years before the issuing of the *scire facias*. And this was admitted in the argument. But it is said that under the last section of the act of 1869, the bar attaches. It is said the right to issue this *scire facias* has arisen since the 1st of June, 1865, and is therefore to be regulated by the Code, irrespective of the acts suspending the statute. That while the first seven sections of the act of 1869 only applies to rights of action accruing before the 1st day of June, 1865, yet the last section covers all cases where the right of action accrued since 1865. But we are clear that there is nothing in this last section broad enough to cover a *fi. fa.*, and to set the statute running as to it. That section expressly confines its operations to "all cases of the character mentioned in any section of this act," where the right of action has accrued since 1st of June, 1865. There is no case of an execution or judgment running to dormancy in the previous sections. This *fi. fa.* did not become dormant until

some time in 1871, and under the Code, or act of 1869, *scire facias* must have issued in three years from the date of the dormancy. This was done—the *scire facias* issued in July 1873.

Judgment affirmed.